UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-cr-20094-WILLIAMS/MCALILEY

UNITED STATES OF AMERICA,

      Plaintiff,

v.

NICOLAS SCAFIDI,

      Defendant.

_____/

**REPORT AND RECOMMENDATION REGARDING**
**DEFENDANT'S MOTIONS TO SUPPRESS**

Defendant, Nicolas Scafidi, filed two Motions to Suppress. (ECF Nos. 20, 21). The government filed a memorandum of law in response (ECF No. 24) and the Honorable Kathleen M. Williams referred the Motions to me for a report and recommendation. (ECF No. 22). The Court held an evidentiary hearing on July 25, 2022, at which one witness testified, Federal Bureau of Investigation Special Agent Alex Loff.

1. **Background**

Defendant is charged in a three count Indictment with having committed crimes involving child pornography. (ECF No. 6). Counts 2 and 3 charge that on or about January 20, 2022, Defendant distributed, and attempted to produce, child pornography. (*Id*.). Count 1 charges that on or about March 1, 2022, Defendant possessed child pornography. (*Id*.). On that later date, the government executed two search warrants that authorized the government to search for evidence related to those charges: one was a warrant to search

the Defendant's home ("Home Search Warrant") (ECF No. 24-1), and the other was a warrant to search the Defendant's person ("Person Search Warrant") (ECF No. 24-2). As will be explained in more detail below, the warrants also authorized the search for and seizure of electronic mobile devices. (ECF Nos. 24-1, 24-2).

### 2. Motion to Suppress (Fifth Amendment) (ECF No. 21)

This Motion is now moot. The Motion addresses the government's March 1, 2022, search of Defendant's work laptop computer, pursuant to the Home Search Warrant. (ECF No. 21). Defendant alleges that the government accomplished this search in violation of his Fifth Amendment right against self-incrimination when the government, *after* Defendant invoked his right to counsel following *Miranda* warnings, asked Defendant to input his password into that laptop so that the government could search it. (ECF No. 21). The Defendant did so, and the government searched that laptop.

In its response to the Motion, the government advised that no evidence was found on that computer. The government confirmed this at the evidentiary hearing. It also confirmed that the government's search of Defendant's laptop did not lead the government to any derivative evidence. The government agreed that it will not seek to introduce into evidence at trial anything seized from the laptop, or any derivative evidence. Given this promise, the parties agreed at the evidentiary hearing that Defendant's Motion to Suppress (Fifth Amendment) (ECF No. 21) is moot.

### 3. Motion to Suppress (Fourth Amendment) (ECF No. 20)

This Motion concerns the Person Search Warrant. Defendant argues that law enforcement's search of Defendant's cell phone exceeded the scope of the search warrant,

and that the Court therefore must exclude from evidence at trial all evidence seized from his cell phone.

The language of Attachment A, and the last paragraph of Attachment B of the Person Search Warrant are relevant here. Attachment A identifies where agents could search. It states, in pertinent part:

> The person to be searched is [Defendant] …*and any electronic mobile devices, including cell phones*, tablets, and laptops, and electronic storage media … found on his person or in any bags or containers in his actual possession….[1]

(ECF No. 24-2 at 35) (emphasis supplied).

Attachment B to the warrant identifies what law enforcement could search for and seize. The first sentence of Attachment B starts by repeating the language in Attachment A, as follows:

> The person of [Defendant] …*and any electronic mobile devices, including cell phones*, tablets, and laptops, and electronic storage media … found on his person or in any bags or containers in his actual possession … are to be searched for the following materials, which constitute evidence of the commission of [child pornography criminal offenses].

(*Id.* at 36) (emphasis supplied). This language simply confirms that the search authorized in Attachment B was for the places identified in Attachment A. This introductory sentence is followed by nine categories of evidence. The final paragraph of the search warrant has this language:

> During the execution of the search of [Defendant's] person, *as described in Attachment A*, law enforcement personnel are authorized (1) to press or swipe the [Defendant's] fingers

---

[1] A photograph of Defendant appears below this language.

> (including thumbs), to the fingerprint scanner of *the computer*; and (2) to hold *a computer* found in front of [Defendant's] face and activate the facial recognition feature, for the purpose of attempting to unlock *the computer* in order to search the contents as authorized by this warrant.

(*Id.* at 37) (emphasis supplied).

On March 1, 2022, when the government executed both Search Warrants, Defendant was in possession of a cell phone. Relying on the authority granted in the Person Search Warrant, a government agent asked Defendant to place his finger on the home screen of that device, which he did, and this unlocked the phone. Agents then searched the device and seized child pornography images.[2]

In his Motion, Defendant acknowledges that the Person Search Warrant authorized the search of Defendant's "mobile electronic devices, including cell phones." He argues, however, that Attachment B of that Warrant limited the use of Defendant's biometrics, that is his fingerprints and facial features, to gain access to "computers", which Defendant argues, did not include his cell phone.

The clearest way for the government to have indicated that its proposed Person Search Warrant[3] authorized law enforcement to use the Defendant's biometrics to gain access to the "mobile electronic devices, including cell phones" referenced in Attachment A, would have been to use that same language in the final paragraph of Attachment B.

---

[2] Agents also searched a desktop computer, and the laptop, pursuant to the Home Search Warrant. As noted, the government found no evidence on the laptop, but it did find child pornography on the desktop computer.

[3] In this District government attorneys present to Magistrate Judges applications for search warrants along with proposed search warrants for that Judge's signature.

Standing alone, the use of the word "computer" in that final paragraph raises the question whether the biometric authorization applied to Defendant's cell phone, which was defined differently in Attachment A, as an "electronic mobile device". Any doubt caused by the choice of the word computer is eliminated by the second clause of that same paragraph. The final paragraph of Attachment B begins: "During the execution of the search of [Defendant's] person, *as described in Attachment A…*" And, of course, Attachment A unequivocally authorized the search of Defendant's cell phone. This leads to only one reasonable conclusion: that the Court authorized law enforcement to use Defendant's biometrics to access his cell phone.

The Fourth Amendment requires that warrants "particularly describ[e] the place to be searched, and the persons or things to be seized." U.S. CONST. AMEND IV. This is "aimed at preventing general, exploratory rummaging in a person's belongings." *United States v. Wuagneux*, 683 F.2d 1343, 1348 (11th Cir. 1982) (quotation marks and citations omitted). The *Wuagneux* Court noted that a "description is sufficiently particular when it enables the searcher to reasonably ascertain and identify the things authorized to be seized." *Id.* (citations omitted). The Court also wrote: "[i]t is universally recognized that the particularity requirement must be applied with a practical margin of flexibility…." *Id.* at 1349.

*United States v. Chan* is a good example of the application of these principals. Case No. 1:14-CR-203, 2016 WL 627350, at *2 (N.D. Ga. Feb. 16, 2016). There the government executed two search warrants, and the defendant argued that it seized evidence beyond the authority of the warrants. *Id.* Attachment B of those warrants authorized the seizure of

"records … including …misbranded and/or adulterated foods and/or drugs…." *Id*. During the search of a home "officers seized dozens of boxes containing boxes, packets, and bottles of capsules, in addition to seizing records, documents, and electronic storage devices", *id.*, which the defendant argued was improper.

When it considered the defendant's challenge to the execution of the search warrants, the *Chan* Court observed that the Fourth Amendment particularity requirement "does not necessitate technical perfection; instead, it is applied with a 'practical margin of flexibility.'" *Id.* at *3 (quoting *Wuagneux*, 683 F.2d at 1349). Again, quoting *Wuagneux*, the Court noted that "the crucial inquiry is always whether the search and seizures were reasonable under all the circumstances." *Id.* (quoting *Wuagneux* 683 F.2d at 1352).

Applying these principles, the *Chan* Court found that although the wording of Attachment B to the warrants was "awkward", it was not "ambiguous." *Id.* The Court noted that the warrants expressly authorized the seizure of "misbranded and/or adulterated foods and/or drugs", and the fact that the warrants "confusingly listed such items as 'records'" of the defendant's company did not fall outside the Fourth Amendment particularity requirement. *Id.*

The analysis of the *Chan* Court easily follows here. The first paragraph of Attachment B of the Person Search Warrant expressly authorizes the seizure of evidence found on Defendant's cell phone. Yes, the final paragraph of Attachment B introduces a new term, "computer", when authorizing use of biometrics. And the term "computer" causes the reader to pause, given that the authorization in Attachment A is to search "mobile electronic devices, including cell phones", with no mention of computers.

6

However, the only way to reasonably read the last paragraph of Attachment B, given its reference to Attachment A, is to understand that "computer" is a shorthand for the devices listed in Attachment A. That is, the term "computer" is meant to include cell phones.

This commonsense reading of the Person Search Warrant aligns with the widespread understanding that smartphones – which can do far more than place and receive calls – are small computers. At the hearing it was established that Defendant's cell phone is an Android device. Cell phones that use the Android operating system are considered smartphones which provide internet connectivity and the ability to download and use multiple applications, just as a computer does.

Courts have recognized the same. As the government notes in its memorandum, a Sentencing Guideline that governs child exploitation offenses, U.S.S.G. § 2G2.1, uses the term "computer", as that term is defined in an unrelated statute that criminalizes fraud, 18 U.S.C. §1030 (e)(1). The Eleventh Circuit Court of Appeals easily concluded that the definition of "computer" in that statute includes cell phones. *United States v. Mathis*, 767 F.3d 1264, 1283 (11th Cir. 2014), *abrogated on other grounds by Lockhart v. United States*, 577 U.S. 347 (2016)); *see also United States v. Valdez*, No. 19-12522, 2021 WL 3478402, at *7 n.5 (11th Cir. Aug. 9, 2021) ("We have held that a smartphone qualifies as a computer as defined under § 1030(e)(1).") (citing *Mathis*, 767 F.3d at 1283)).

Another Court, in *United States v. Horton*, addressed this issue in a motion to suppress. Case No. 12-228, 2013 WL 3833250, at *1, 2 (E.D. Pa. July 25, 2013). There, the search warrant authorized the search and seizure of "computer hardware" and relying on that, the government seized the defendant's Motorola smartphone. *Id*. at * 1. The Court

concluded that the smartphone met the warrant's definition of computer hardware and denied the motion to suppress. *Id.* at *2, 3.

The *Horton* Court also observed that "the rationale justifying the scope of the requested search supports the conclusion that the warrant covered [the defendant's] cell phone." *Id.* at *2. The same is true here. The application for the Person Search Warrant presented ample probable cause that the target of the investigation, Defendant, used a mobile electronic device to commit the alleged child pornography offenses. The application also stated that law enforcement confirmed that the number assigned to that phone was registered to Defendant. (ECF No. 24-2 at 11). When the Person Search Warrant is read with the application for that Warrant, it is reasonably and clearly understood to authorize the use of Defendant's biometrics to access the Defendant's cell phone.

For these reasons, I conclude that law enforcement did not exceed the authority of the Person Search Warrant when it seized and searched Defendant's cell phone.

## 4. Recommendation and Objections

For the reasons stated here, I **RESPECTFULLY RECOMMEND** that the Court **DENY AS MOOT** Defendant's Motion to Suppress (Fifth Amendment), (ECF No. 21), and **DENY** Defendant's Motion to Suppress (Fourth Amendment), (ECF No. 20).

**No later than 14 days from the date of this Report and Recommendation**, the parties may file any written objections to this Report and Recommendation with the Honorable Kathleen M. Williams, who is obligated to make a *de novo* review of only those factual findings and legal conclusions that are the subject of objections. Only those objected-to factual findings and legal conclusions may be reviewed on appeal. *See Thomas*

*v. Arn*, 474 U.S. 140 (1985), 28 U.S.C. § 636(b)(1); Fed.R.Crim.P. 59(b), 11th Cir. R. 3-1

(2016).

DONE AND RECOMMENDED at Miami, Florida this 28th day of July 2022.

_____
CHRIS MCALILEY
UNITED STATES MAGISTRATE JUDGE

cc:     The Honorable Kathleen M. Williams
        All counsel of record